1  Todd B. Scherwin (SBN 239848)
       E-Mail: tscherwin@fisherphillips.com
2  Danielle S. Krauthamer (SBN 305311)
       E-Mail: dkrauthamer@fisherphillips.com
3  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
4  Alameda, California 90071
   Telephone: (213) 330-4500
5  Facsimile: (213) 330-4501

6  Attorneys for Defendant
   BELDEN INC.
7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  MARTIN KNAP, an individual,            Case No:

12              Plaintiff,                 *[Removed from Alameda County Superior Court, Case No.: RG21107710]*

13        v.                               **DEFENDANT BELDEN INC.'S NOTICE OF**
                                           **REMOVAL OF ACTION PURSUANT TO 28**
14  BELDEN, INC., a Delaware corporation;  **U.S.C §§ 1332 (a), 1441, AND 1446**
    and DOES 1 through 25,
15                                         *[Filed concurrently with Civil Cover Sheet;*
                Defendants.                *Certificate of Interested Parties; Corporate*
16                                         *Disclosure Statement; Notice of Related Cases;*
                                           *and Declarations of Danielle S. Krauthamer and*
17                                         *Brian E. Anderson]*

18                                         Complaint Filed: December 17, 2021
19                                         Trial Date:              TBD

20

21

22

23

24

25

26

27

28

                                                              Case No.
                    DEFENDANT BELDEN INC.'S NOTICE OF REMOVAL
FP 42769473.1

# **TABLE OF  CONTENTS**

I.      STATEMENT OF JURISDICTION.................................................................1

II.     VENUE ..........................................................................................................1

III.    PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL..............................1

IV.     GROUNDS FOR REMOVAL.........................................................................2

       A.      Complete Diversity of Citizenship Exists Between Knap and Belden. ...............2

              1.      Citizenship of Knap .................................................2

              2.      Citizenship of Belden..............................................3

              3.      Citizenship of Doe Defendants ...................................4

       B.      The Amount in Controversy Requirement Is Satisfied.......................................4

V.      PROCEDURAL PREREQUISITES.................................................................7

VI.     CONCLUSION...............................................................................................7

TABLE OF CONTENTS

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

*Ajimatanrareje v. Metro Life Ins. Co.*,
  1999 U.S. Dist. LEXIS 7339 (N.D. Cal. 1999) ........................................ 6

*Chavez v. JPMorgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ........................................................... 4, 5

*Cohn v. Petsmart, Inc.*,
  281 F.3d 837 (9th Cir. 2002) ........................................................... 5

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  135 S.Ct. 547 (2014)....................................................................... 4

*Faulkner v. Astro-Med, Inc.*,
  1999 U.S. Dist. LEXIS 15801 (N.D. Cal. 1999) ................................ 6

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) ......................................................... 6

*Hertz Corp. v. Friend*,
  559 U.S. 77 (U.S. 2010).................................................................. 3

*Indus. Tectronics, Inc. v. Aero Alloy*,
  912 F.2d 1090 (9th Cir. 1990) ......................................................... 3

*Kanotor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ......................................................... 2

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) .............................................. 5

*Kramer v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ........................................................ 2, 5

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ........................................................... 2

*Martin Knap v. Belden Management, Inc., et al.*,
  Case No. 21107871 ......................................................................... 1

*Martin Knap v. Belden Management, Inc., et al.*,
  Case No. RG21107710 .............................................................. 1, 2, 3, 7

*Mondragon v. Capital One Auto Fin.*,
  736 F.3d 880 (9th Cir. 2013) ........................................................... 2

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
 526 U.S. 344 (11th Cir. 1999) ........................................................................................ 2

*Newcombe v. Adolf Coors Co.*
 157 F.3d 686 (9th Cir. 1998) .......................................................................................... 4

*Parker-Williams v. Charles Tini & Associates, Inc.*,
 53 F.Supp.3d 149 (D.D.C. 2014) .................................................................................. 4

*Rodriguez v. AT & T Mobility Servs. LLC*,
 728 F.3d 975 (9th Cir. 2013) .......................................................................................... 4

*Saulic v. Symantec Corp.*,
 No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883 (C.D. Cal. Dec. 26,
 2007) ................................................................................................................................ 4

*State Farm Fire & Cas. Co. v. Byrd*,
 710 F. Supp. 1292 (N.D. Cal. 1989) .............................................................................. 3

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
 19 F.3d 514 (10th Cir. 1994) .......................................................................................... 2

*Valdez v. Allstate Ins. Co.*,
 372 F.3d 1115 (9th Cir. 2004) ........................................................................................ 5

**Statutes**

28 U.S.C. §§ 84(c), 1391, and 1441 ...................................................................................... 1

28 U.S.C. §§ 1332 and 1441(b) ............................................................................................ 1

28 U.S.C. § 1332(a) ......................................................................................................... 1, 4

28 U.S.C. § 1332 (a)(1) ......................................................................................................... 2

28 U.S.C. § 1332(c)(1) .......................................................................................................... 3

28 U.S.C. §1441(a) ............................................................................................................... 4

28 U.S.C. §§ 1441(a) and 1446(a) ........................................................................................ 6

28 U.S.C. § 1441(b) .............................................................................................................. 1

28 U.S.C. § 1446(b) .............................................................................................................. 2

28 U.S.C. § 1446(b)(3) .......................................................................................................... 2

28 U.S.C. § 1446(d) .............................................................................................................. 7

**TO PLAINTIFF, HIS COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendant BELDEN INC. ("Belden"), by and through its counsel of record, hereby submits this Notice of Removal and Petition to Remove this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California (Oakland Division) pursuant to 28 U.S.C. §§ 1332 and 1441(b).  The grounds for removal are as follows:

**I.    STATEMENT OF JURISDICTION**

1.    This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below.  *See* 28 U.S.C. §§ 1332, 1441(b).

**II.    VENUE**

2.    This action was filed in the California Superior Court for the County of Alameda.  Thus, venue properly lies in the United States District Court for the Northern District of California.  *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

**III.    PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

3.    On July 30, 2021, Plaintiff Martin Knap ("Knap" or "Plaintiff") filed a civil action in the Alameda Superior Court entitled *Martin Knap v. Belden Management, Inc., et al.*, Case No. 21107871.  This civil action was never served on Belden. *See* Declaration of Danielle S. Krauthamer ("Krauthamer Decl."), ¶ 2, **Exhibit A**.

4.    On December 17, 2021, Plaintiff filed a First Amended Complaint ("FAC") in the Alameda Superior Court entitled *Martin Knap v. Belden Management, Inc., et al.*, Case No. RG21107710 ("State Lawsuit").  This is the operative Complaint.  Krauthamer Decl., ¶ 3, **Exhibit B**.

///

5.      On December 21, 2021, Knap served Belden with the Civil Case Sheet, Summons, and Complaint.  Krauthamer Decl., ¶ 4, **Exhibit C**.  The FAC asserts the following causes of action: (1) Failure to Pay Overtime Wages in Violation of California Labor Code Section 510; (2) Failure to Offer Meal Breaks in Violation of California Labor Code Section 512; (3) Waiting Time Penalties Pursuant to Labor Code Section 203; (4) Disability Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"); (5) Failure to Reasonably Accommodate in Violation of the FEHA; (6) Failure to Engage in an Interactive Process in Violation of the FEHA; (7).  Krauthamer Decl., ¶ 3, **Exhibit B**.

6.      Belden filed its answer to the FAC on January 19, 2022.  Krauthamer Decl., ¶ 5, **Exhibit D**.

7.      As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon Belden in the State Lawsuit.  Krauthamer Decl., ¶ 7.

8.      This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based.  *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (11th Cir. 1999).  In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit, as required by 28 U.S.C. § 1446(b).  Therefore, this Notice of Removal has been timely filed.

## IV.     GROUNDS FOR REMOVAL

### A.      Complete Diversity of Citizenship Exists Between Knap and Belden.

#### 1.      Citizenship of Knap

9.      For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain).  Residence  is *prima facie* evidence of domicile.  *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).

1    In fact, it is presumed that a natural person's residence is also his or her domicile, and a party

2    resisting this presumption bears the burden of producing contrary evidence.  *Lew v. Moss*,

3    797 F.2d 747, 751 (9th Cir. 1986).

4        10.    In the FAC, Knap alleges that he, "[a]t all relevant times herein mentioned," has

5    been a resident of the State of California and resides in Alameda County, California.  *See*

6    Krauthamer Decl., ¶ 3, **Exhibit B**, Compl. ¶ 1.  Nothing in the FAC or other pleadings state or

7    suggest otherwise.  Accordingly, Knap is domiciled in and is a citizen of the State of California.

8                    *2.    Citizenship of Belden*

9        11.    At the time of the filing of this action, Belden was and continues to be a

10   corporation.  Declaration of Brian E. Anderson ("Anderson Decl."), ¶ 2.

11       12.    For diversity purposes, a corporation is deemed to be a citizen of the state in

12   which it has been incorporated and where it has its principal place of business.  28 U.S.C.

13   § 1332(c)(1).  The phrase "principal place of business" "refers to the place where the

14   corporation's high-level officers direct, control, and coordinate the corporation's activities."

15   *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (U.S. 2010).  This is the corporation's "nerve center."  *Id.*

16   at 1181.  "[I]n practice [this] should normally be the place where the corporation maintains its

17   headquarters."  *Id.* at 93.  The "nerve center" analysis focuses on the place at which the

18   corporation's executive and administrative functions are conducted.  *See Indus. Tectronics, Inc.*

19   *v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v.*

20   *Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining,

21   among other factors, where the corporation's headquarters are located and where its principal

22   policy and executive decisions are made).

23       13.    At all times alleged in the State Lawsuit and at the time this Notice of Removal

24   was filed, Belden is, and was, a corporation that is incorporated in Delaware.  *See* Anderson

25   Decl., ¶ 2.  Defendant Belden's principal place of business is, and was, located in Missouri as of

26   the date the State Lawsuit and this Notice of Removal were filed.  *See id.*  Defendant Belden

27   controls, directs, and coordinates the company's business activities at its Missouri headquarters.

28   *See id.*  Defendant Belden's Chief Executive Officer and Chief Financial Officer work in the

1   company's Missouri headquarters.  *See id*.  Accordingly, Defendant Belden is a citizen of the

2   states of Delaware and Missouri as it is incorporated in Delaware and has its principal place of

3   business in Missouri.

### 3.     *Citizenship of Doe Defendants*

5   14.     The FAC also names as Defendants DOES 1 through 25 ("DOE Defendants").

6   The twenty-five "Doe" Defendants named in the FAC are not considered in assessing diversity.

7   *See*, *e.g.*, *Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C.

8   §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall

9   be disregarded for purposes of removal.  As such, the district court was correct in only

10   considering the domicile of the named defendants.").  Accordingly, the citizenship of the alleged

11   DOE Defendants does not impact the diversity analysis for removal.

12   15.     Because Plaintiff is a citizen of California and Belden is a citizen of Delaware and

13   Missouri, complete diversity of citizenship exists in this matter.

14   **B.     The Amount in Controversy Requirement Is Satisfied.**

15   16.     Diversity jurisdiction exists where the parties are diverse of citizenship and the

16   amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28

17   U.S.C. §1332(a).

18   17.     The $75,000 threshold necessary for diversity jurisdiction is not particularly

19   burdensome.  In fact, when seeking removal of a state action to federal court based on diversity

20   jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the

21   amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating

22   Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  The failure of the FAC to specify the total amount

23   of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.

24   *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5

25   (C.D. Cal. Dec. 26, 2007) (denying Plaintiff's motion to remand); *Parker-Williams v. Charles

26   Tini & Associates, Inc.*,  53 F.Supp.3d 149, 152 (D.D.C. 2014) (holding the amount in

27   controversy requirements was satisfied).  A defendant need only to establish by a preponderance

28   of evidence that the claims exceed the jurisdictional minimum.  *Rodriguez v. AT & T Mobility*

1   *Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d

2   413, 416 (9th Cir. 2018).  "The amount in controversy may include damages (compensatory,

3   punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes."  *Id.*

4   (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

5   "In assessing the amount in controversy, [the Court] may consider allegations in the complaint

6   and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount

7   in controversy."  *Chavez*, 888 F.3d at 416.

8           18.     While Belden adamantly denies Knap's allegations, denies any liability, and

9   denies Knap has suffered any damages, based upon the allegations contained in the FAC, the

10  amount of controversy in this action exceeds $75,000, exclusive of interest and costs.  For

11  purposes of determining the amount in controversy, the Court must assume that the allegations

12  in the Complaint are true and assume that a jury will return a verdict for Plaintiff on all claims

13  made in the Complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.

14  2d 993, 1001 (C.D. Cal. 2002).  Moreover, the amount in controversy can be determined from

15  the Complaint or from other sources, including statements made in the notice of removal.  *See*

16  *Kanter*, *supra*, 265 F.3d at 857 (9th Cir. 2001) (examining complaint and notice of removal for

17  citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004);

18  ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to

19  the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002)

20  (considering settlement demand letter for purposes of determining amount in controversy).

21          19.     Plaintiff will more likely than not claim past lost wages and benefits through trial.

22  At the time of his termination, as Manager, Human Resources Analytics, Plaintiff earned $76,600

23  per year, with the opportunity for a 5% performance bonus.  Krauthamer Decl., ¶ 3, **Exhibit b**,

24  Compl., ¶ 15.  Given that Plaintiff alleges that he was wrongfully terminated as of December 6,

25  2019, and it has been 25 months since Plaintiff's alleged termination, his past lost wages to date,

26  not even including the value of lost employment benefits, is $159,583.33 (*i.e.*, $76,600 divided

27  by 12 multiplied by 25 months since alleged termination).  Krauthamer Decl., ¶ 8; *see also*

28  Krauthamer Decl., ¶ 3, **Exhibit B**, Compl., ¶ 15.  Because Plaintiff will likely seek lost wages

1   through trial, and trial will likely not take place until January 2023, at the earliest (*i.e.,* one year

2   from the filing of the notice of removal), Plaintiff's lost wages will increase by another $76,600,

3   for a total past lost wages in controversy of $236,183.33 (*i.e.*, past lost wages to date of

4   $159,583.33 plus an additional $76,600 from date of notice of removal to one year from the filing

5   of the notice of removal).  Krauthamer Decl., ¶ 9.

6   20.   From the face of the FAC, Plaintiff has expressly pleaded damages in excess of

7   $75,000.  In the instant case, Knap alleges eight causes of action seeking recovery of special and

8   economic damages; general and non-economic damages; punitive damages; costs of suit; and

9   reasonable attorneys' fees.   Krauthamer., ¶ 3, **Exhibit B**, Prayer ¶ 1-5.

10   21.   For the fourth, fifth, sixth, seventh, and eighth causes of action, Plaintiff has pled

11   damages including "front and back pay, interest thereon, compensation for any special damages

12   suffered because of the discrimination, general damages."  Krauthamer., ¶ 3, **Exhibit B**, Compl.,

13   ¶¶ 43, 52, 60, 68, 76. Plaintiff also claims future lost wages: "the intangible loss of employment-

14   related opportunities such as experience and status in the  positions previously held by him." *Id.*,

15   ¶¶ 41, 50, 58, 66, 74.

16   22.   Plaintiff also seeks punitive damages and attorneys' fees and costs in his fourth,

17   fifth, sixth, seventh, and eighth causes of action.  Krauthamer., ¶ 3, **Exhibit B**, Compl., ¶¶ 43,

18   52, 60, 68.  Attorneys' fees are properly considered in calculating the amount in controversy for

19   purposes of removal on grounds of diversity.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

20   (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy,

21   regardless of whether such an award is discretionary or mandatory).

22   23.   Additionally, Plaintiff seeks non-economic damages for emotional distress based

23   on "embarrassment, anxiety, humiliation, and emotional distress." *Id.*, ¶¶ 40, 49, 57, 65, 73.

24   These damages must also be included when calculating the amount in controversy.

25   *Ajimatanrareje v. Metro Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, at *4 (N.D. Cal. 1999)

26   (emotional distress damages "may be considered in the amount in controversy even when not

27   clearly pled in the complaint."); *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, at

28   *5 (N.D. Cal. 1999) (same).

24.     As such, from the face of the complaint, it is well beyond "more likely than not" that Plaintiff seeks to recover more than $75,000.00 in this action.

25.     Based on the foregoing, Belden is informed and believes that this Court has jurisdiction in the matter based on diversity of citizenship.

## V.     PROCEDURAL PREREQUISITES

26.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Northern District of California is the appropriate court to which to remove this action from the Alameda Superior Court, where the action was filed.

27.     As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Northern District of California will be served on Knap's counsel of record, Law Office of Anthony J. Sperber.  A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to the Declaration of Danielle S. Krauthamer as **Exhibit E**.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Alameda.

28.     This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

29.     In filing this notice, Belden does not waive any defenses.

30.     In filing this notice, Belden does not admit any of the allegations made in Knap's State Lawsuit.

## VI.     CONCLUSION

31.     Based on the foregoing, Belden prays that the above-described action pending in the Superior Court of California, County of Alameda be removed to the United States District Court for the Northern District of California.

Dated:  January 20, 2022                    FISHER & PHILLIPS LLP


By: */s/Danielle S. Krauthamer*
Todd B. Scherwin
Danielle S. Krauthamer
Attorneys for Defendant
BELDEN INC.

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of Alameda, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Alameda, California 90071.

On January 20, 2022 I served the foregoing document entitled **DEFENDANT BELDEN INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332 (a), 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Anthony J. Sperber | Attorneys for Plaintiff |
| Kurt W. Dreger | MARTIN KNAP |
| Law Office of Anthony J. Sperber | |
| 1808 Sixth Street | Telephone: (510) 845-8844 |
| Berkeley, CA 94710 | Facsimile: (510) 845-1998 |
| | Email: anthony@sperberlaw.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Alameda, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed January 20, 2022 at San Francisco, California.

Mayra Hernandez
_____
Print Name

By: /s/Mayra Hernandez
_____
Signature

FP 42769473.1