1   Todd B. Scherwin (SBN 239848)
        E-Mail:  tscherwin@fisherphillips.com
2   Danielle S. Krauthamer (SBN 305311)
        E-Mail:  dkrauthamer@fisherphillips.com
3   FISHER & PHILLIPS LLP
    444 South Flower Street, Suite 1500
4   Los Angeles, California 90071
    Telephone: (213) 330-4500
5   Facsimile:  (213) 330-4501

6   Attorneys for Defendant
    BELDEN INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  MARTIN KNAP, an individual,            Case No:   [Case No.]

12                     Plaintiff,          *[Removed from Alameda County Superior Court,
                                           Case No.: RG21107710]*
13          v.
                                           **DECLARATION OF DANIELLE S.**
14  BELDEN, INC., a Delaware corporation;  **KRAUTHAMER IN SUPPORT OF**
    and DOES 1 through 25,                 **DEFENDANT BELDEN INC.'S NOTICE OF**
15                                         **REMOVAL OF ACTION PURSUANT TO 28**
                       Defendants.         **U.S.C §§ 1332 (a), 1441, AND 1446**
16
                                           *[Filed concurrently with Notice of Removal;*
17                                         *Civil Cover Sheet; Certificate of Interested*
                                           *Parties; Corporate Disclosure Statement; Notice*
18                                         *of Related Cases; and Declaration of Brian E.*
                                           *Anderson]*
19
                                           Complaint Filed: July 30, 2021
20                                         FAC Filed:         December 17, 2021
                                           Trial Date:              TBD
21

22

23

24

25

26

27

28
                                                        Case No.

## <u>DECLARATION OF DANIELLE S. KRAUTHAMER</u>

I, Danielle S. Krauthamer, hereby declare and state as follows:

1.      I am an attorney with Fisher & Phillips LLP, attorneys of record for Defendant Belden Inc. ("Belden") in the above-captioned matter.  I am admitted to practice before all courts of the State of California, and I am admitted to practice before this Court.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

2.      On July 30, 2021, Plaintiff Martin Knap ("Knap" or "Plaintiff") filed a civil action in the Alameda Superior Court entitled *Martin Knap v. Belden Management, Inc., et al.*, Case No. 21107871.  This civil action was never served on Belden. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.      On December 17, 2021, Plaintiff Martin Knap ("Plaintiff") filed a civil complaint against Belden in the Alameda Superior Court entitled *Martin Knap v. Belden Management, Inc., et al.*, Case No. RG21107710 ("State Lawsuit").  A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit B**.

4.      On December 21, 2021, Knap served Belden with the Civil Case Sheet, Summons, and Complaint.  A true and correct copy of the proof of service of summons is attached hereto as **Exhibit C**.

5.      On January 19, 2022, Belden filed its answer to the Complaint in state court.  A true and correct copy of the answer is attached hereto as **Exhibit D**.

6.      The Certificate of Service of the Notice to Adverse Party of Removal and Notice to Superior Court of Removal will be filed with this Court shortly after the Superior Court filing and service upon the adverse party are accomplished.  A true and correct is attached hereto as **Exhibit E**.

7.      No other processes, pleadings, and/or orders have been served upon Belden in this case.

///

///

DECLARATION OF DANIELLE S. KRAUTHAMER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

FP 42769515.1

8.      Plaintiff will more likely than not claim past lost wages and benefits through trial. As set forth in his Complaint, at the time of his termination, as Manager, Human Resources Analytics, Plaintiff earned $76,600 per year, with the opportunity for a 5% performance bonus. Given that Plaintiff alleges that he was wrongfully terminated as of December 6, 2019, and it has been 25 months since Plaintiff's alleged termination, his past lost wages to date, not even including the value of lost employment benefits, is $159,583.33 (*i.e.*, $76,600 divided by 12 multiplied by 25 months since alleged termination).

9.      Because Plaintiff will likely seek lost wages through trial, and trial will likely not take place until January 2023, at the earliest (*i.e.,* one year from the filing of the notice of removal), Plaintiff's lost wages will increase by another $76,600, for a total past lost wages in controversy of $236,183.33 (*i.e.*, past lost wages to date of $159,583.33 plus an additional $76,600 from date of notice of removal to one year from the filing of the notice of removal).

I declare under the laws of the state of California and the United States of America that the foregoing is true and correct.  Executed on January 20, 2022, at San Francisco, California.

*/s/Danielle S. Krauthamer*
Danielle S. Krauthamer

DECLARATION OF DANIELLE S. KRAUTHAMER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

FP 42769515.1

Exhibit A

**PLD-C-001**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
ANTHONY J. SPERBER, Bar No. 197962
LAW OFFICE OF ANTHONY J. SPERBER
1808 Sixth Street, Berkeley, CA 94710

TELEPHONE NO: 510.845.8844       FAX NO. *(Optional):* 510.845.1998
E-MAIL ADDRESS *(Optional):* anthony@sperberlaw.com
ATTORNEY FOR *(Name):* Plaintiff Martin Knap

**FILED BY FAX**
**ALAMEDA COUNTY**
**July 30, 2021**
**CLERK OF**
**THE SUPERIOR COURT**
**By Shabra Iyamu, Deputy**
**CASE NUMBER:**
**RG21107871**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS:
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF: MARTIN KNAP
DEFENDANT: BELDEN, INC.
[X] DOES 1  TO 25

| CONTRACT | |
|---|---|
| [X] **COMPLAINT** | [ ] **AMENDED COMPLAINT** *(Number):* |
| [ ] **CROSS-COMPLAINT** | [ ] **AMENDED CROSS-COMPLAINT** *(Number):* |

**Jurisdiction** *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE**
 Amount demanded [ ] does not exceed $10,000
  [ ] exceeds $10,000 but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

CASE NUMBER:

1. **Plaintiff*** *(name or names):*
 Martin Knap

 alleges causes of action against **defendant*** *(name or names):*
 Belden, Inc.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. a. Each plaintiff named above is a competent adult
  [ ] **except** plaintiff *(name):*
   (1) [ ] a corporation qualified to do business in California
   (2) [ ] an unincorporated entity *(describe):*
   (3) [ ] other *(specify):*
 b. [ ] Plaintiff *(name):*
  a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
  b. [ ] has complied with all licensing requirements as a licensed *(specify):*
 c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
  [X] **except** defendant *(name):* Belden, Inc.       [ ] **except** defendant *(name):*
   (1) [ ] a business organization, form unknown   (1) [ ] a business organization, form unknown
   (2) [X] a corporation                            (2) [ ] a corporation
   (3) [ ] an unincorporated entity *(describe):*    (3) [ ] an unincorporated entity *(describe):*

   (4) [ ] a public entity *(describe):*             (4) [ ] a public entity *(describe):*

   (5) [ ] other *(specify):*                        (5) [ ] other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Page 1 of 2

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Knap v. Belden, Inc. | |

4. *(Continued)*

  b. The true names of defendants sued as Does are unknown to plaintiff.

    (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

    (2) ☒ Doe defendants *(specify Doe numbers):* 1-25 _____ are persons whose capacities are unknown to plaintiff.

  c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

  d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☒ Plaintiff is required to comply with a claims statute, **and**

  a. ☒ has complied with applicable claims statutes, *or*

  b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because

  a. ☒ a defendant entered into the contract here.

  b. ☒ a defendant lived here when the contract was entered into.

  c. ☒ a defendant lives here now.

  d. ☒ the contract was to be performed here.

  e. ☒ a defendant is a corporation or unincorporated association and its principal place of business is here.

  f. ☐ real property that is the subject of this action is located here.

  g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

  ☒ Breach of Contract

  ☐ Common Counts

  ☒ Other *(specify):*

    Violation of Labor Code sections 201, 510, 512. Penalties under Labor Code sections 203.

9. ☒ Other allegations:

  Wrongful termination in violation of public policy; Disability discrimination in violation of FEHA.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

  a. ☒ damages of: $

  b. ☒ interest on the damages

    (1) ☒ according to proof

    (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*

  c. ☒ attorney's fees

    (1) ☐ of: $

    (2) ☒ according to proof.

  d. ☐ other *(specify):*

11. ☒ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

  See attached document.

Date: July 30, 2021

Anthony J. Sperber

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Knap v. Belden, Inc. | |

1  _____  **CAUSE OF ACTION—Breach of Contract**
(number)

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Martin Knap

alleges that on or about *(date):*
a [ ] written [✓] oral [ ] other *(specify):*
agreement was made between *(name parties to agreement):*
Martin Knap and Belden, Inc.
[ ] A copy of the agreement is attached as Exhibit A, or
[✓] The essential terms of the agreement [ ] are stated in Attachment BC-1 [✓] are as follows *(specify):*

Martin Knap was employed by Belden, Inc as an HR Assistant from 2/14/2017 to 12/6/2019.

BC-2. On or about *(dates):* 2/14/2017
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [✓] the following acts
*(specify):*

Misclassifying Plaintiff as an exempt employee when he performed non-exempt duties.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [✓] as follows *(specify):*
Plaintiff was not paid for overtime hours or offered meal breaks in violation of California Labor Code statutes.

BC-5. [✓] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[✓] according to proof.
BC-6. [ ] Other:

Page _____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(3)

| SHORT TITLE:<br>Knap v. Belden, Inc. | CASE NUMBER |
|---|---|

2
___(number)___  **CAUSE OF ACTION—Intentional Tort**  Page 4 ___

ATTACHMENT TO  [ X ] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Martin Knap

alleges that defendant *(name):* Belden, Inc.

[ X ] Does 1 ___ to 25 ___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* 12/6/2019

at *(place):* Freemont, California.

*(description of reasons for liability):*
Terminated Plaintiff's employment because he suffered a mental disability in violation of the California Fair Employment and Housing Act (FEHA).

PLD-PI-001(3)

| SHORT TITLE:<br>Knap v. Belden, Inc. | CASE NUMBER |
|---|---|

<u>3</u>         **CAUSE OF ACTION—Intentional Tort**     Page 5
(number)

ATTACHMENT TO   [ X ] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Martin Knap

alleges that defendant *(name):* Belden, Inc.

[ X ] Does 1 _____ to 25 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* 12/6/2019

at *(place):* Freemont, California.

*(description of reasons for liability):*
Wrongfully terminated Plaintiff's employment because he suffered a mental disability in violation of strong public policy in California.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure § 425.12
www.courts.ca.gov

Exhibit B



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 24244582**
**Date Processed: 12/23/2021**

| Primary Contact: | Brian Anderson
Belden, Inc.
1 N Brentwood Blvd
Fl 15
Saint Louis, MO 63105-3997 |
|---|---|

| | |
|---|---|
| **Entity:** | Belden Inc.
Entity ID Number  0133635 |
| **Entity Served:** | Belden, Inc. |
| **Title of Action:** | Martin Knap vs. Belden, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | RG21107710 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/21/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Law Office Of Anthony J. Sperber
510-845-8844 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>BELDEN, INC., a Delaware corporation; and DOES 1 through 25 | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>12/17/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Xian-xii Bowie _____ Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN KNAP, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court,<br>Administration Building, 3rd floor, 1221 Oak Street, Oakland, CA 94612 | **CASE NUMBER:** *(Número del Caso):*<br>RG21107710 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Anthony J. Sperber and Kurt W. Dreger, Law Office of Anthony J. Sperber, 1808 6th Street, Berkeley, CA 94710 510-845-8844

| DATE:<br>*(Fecha)* 12/17/2021 | Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* | Xian-xii Bowie | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Belden, Inc., a Delaware corporation

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

1  ANTHONY J. SPERBER, Bar No. 197962
   KURT W. DREGER, Bar No. 283384
2  LAW OFFICE OF ANTHONY J. SPERBER
   1808 Sixth Street, Berkeley, CA 94710
3  Tel:  510.845.8844
   Fax: 510.845.1998
4  anthony@sperberlaw.com

5  Attorneys for Plaintiff
   MARTIN KNAP

6

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/17/2021 at 10:38:23 AM**
By: Dajuana Turner, Deputy Clerk

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                          **COUNTY OF ALAMEDA**

9                          **UNLIMITED CIVIL CASE**

10  MARTIN KNAP, an individual,          **CASE NO.  RG21107710**

11              Plaintiff,               **FIRST AMENDED COMPLAINT FOR**
                                         **DAMAGES AND DEMAND FOR JURY TRIAL**
12      v.

13  BELDEN, INC., a Delaware corporation;    (1) FAILURE TO PAY OVERTIME WAGES IN
    and DOES 1 through 25,                       VIOLATION OF CALIFORNIA LABOR CODE
14                                               SECTION 510;
                Defendants.                  (2) FAILURE TO OFFER MEAL BREAKS IN
15                                               VIOLATION OF CALIFORNIA LABOR CODE
                                                 SECTION 512;
16                                           (3) WAITING TIME PENALTIES PURSUANT TO
                                                 LABOR CODE SECTION 203;
17                                           (4) DISABILITY DISCRIMINATION IN
                                                 VIOLATION OF THE CALIFORNIA FAIR
18                                               EMPLOYMENT AND HOUSING ACT;
                                             (5) FAILURE TO REASONABLY
19                                               ACCOMMODATE IN VIOLATION OF THE
                                                 CALIFORNIA FAIR EMPLOYMENT AND
20                                               HOUSING ACT;
                                             (6) FAILURE TO ENGAGE IN AN INTERACTIVE
21                                               PROCESS IN VIOLATION OF FAIR
                                                 EMPLOYMENT & HOUSING ACT;
22                                           (7) RETALIATION IN VIOLATION OF THE
                                                 CALIFORNIA FAIR EMPLOYMENT AND
23                                               HOUSING ACT;
                                             (8) WRONGFUL TERMINATION IN VIOLATION
24                                               OF PUBLIC POLICY.

25

| FIRST AMENDED COMPLAINT FOR DAMAGES | 1 | CASE NO.  RG21107710 |

Plaintiff MARTIN KNAP alleges as follows:

### PARTIES, JURISDICTION & VENUE

1.     At all relevant times herein mentioned, PLAINTIFF was an individual residing in the County of Alameda.

2.     PLAINTIFF is informed and believes and thereon alleges that Defendant BELDEN, INC., (hereafter "BELDEN") is, and always relevant herein was, an entity incorporated in the State of Delaware with its principal place of business in Alameda County, California.

3.     PLAINTIFF does not presently know the true names and capacities of those persons, firms and entities named herein as DOES 1 through 25, inclusive. However, PLAINTIFF is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible in some manner for the events and happenings herein alleged, and for the damages suffered by PLAINTIFF, as herein alleged. These DOE Defendants intentionally, negligently, or otherwise performed each of the acts and omissions alleged herein, and PLAINTIFF's injuries and damages were proximately and legally caused by such acts and omissions. PLAINTIFF reserves the right to amend this Complaint when the true names and capacities of the said DOE Defendants have been ascertained by PLAINTIFF in discovery or otherwise.

4.     PLAINTIFF is informed and believes and thereon alleges that each Defendant named in this action, including the DOE Defendants, at all relevant times were the agents, ostensible agents, servants, employees, representatives, assistants and/or co-conspirators of each of the other Defendants and were at all times acting at least in part within the course and scope of his, her, or its authority as agents, ostensible agents, servants, employees, representatives and/or associates, with the authorization, consent, permission or ratification of each of the other Defendants.

| FIRST AMENDED COMPLAINT FOR DAMAGES | 2 | CASE NO. RG21107710 |

5.      Venue in this county is proper pursuant to Code of Civil Procedure Sections 395 and 395.5 in that the cause of action arose in Alameda County, the employment issue was in Alameda County and the illegal acts alleged herein occurred in Alameda County.

6.      This Court has personal jurisdiction over all Defendants pursuant to Code of Civil Procedure Section 410.10 in that PLAINTIFF seeks damages against Defendants domiciled in California.

7.      The unlimited jurisdiction branch of this Court has jurisdiction over this matter because the amount in controversy is more than $25,000.

8.      PLAINTIFF has filed a complaint against Defendant with the California Department of Fair Employment and Housing (DFEH) and has received from that agency a "right to sue" letter and has thereby exhausted his administrative remedies to the extent he was required to do so.

## GENERAL AND BACKGROUND ALLEGATIONS

9.      PLAINTIFF hereby incorporates by reference the preceding paragraphs of this Complaint.

10.      PLAINTIFF was hired by BELDEN as a Human Resources Assistant on February 14, 2017.   This was an hourly position with non-exempt duties including performing employment verifications, payroll reporting tasks, maintaining employee files, data, and records, processing employee leave balances, and preparing offer letters.

11.      At the end of 2017, BELDEN changed PLAINTIFF's title to HR Specialist. This change in title was not accompanied by a change in duties or pay rate.

12.      As the HR Assistant and HR Specialist, PLAINTIFF earned $30.29 per hour, which included a 5% performance bonus.   In any given work week, he typically worked overtime. PLAINTIFF's work hours were often 10 AM to 10 PM, and occasionally worked even later, sometimes until past midnight. PLAINTIFF estimates he worked 15 hours of overtime each week he was employed

| FIRST AMENDED COMPLAINT FOR DAMAGES | 3 | CASE NO. RG21107710 |

1   as the HR Assistant and HR Specialist. He also worked greater than 12 hours in a workday three times

2   per month. PLAINTIFF was never compensated for any overtime work during this period.

3       13.    PLAINTIFF's rate of pay increased on 4/1/2018 to $31.50 per hour.

4       14.    During the time PLAINTIFF was the HR Assistant and HR Specialist, he worked

5   through his lunch breaks about 2 times per month.

6       15.    On September 19, 2018, Defendant gave PLAINTIFF a new position, the Manager,

7   Human Resources Analytics. This position had a salary of $76,600 per year and a 5% performance

8   bonus.

9       16.    Toward the end of 2018, PLAINTIFF started to experience depression and anxiety due

10   to personal issues that were going on in his life. After living with this condition for several months,

11   PLAINTIFF started to see a therapist on September 9, 2019, to help navigate through this condition and

12   to improve his life and work. PLAINTIFF feared sharing his mental health condition with BELDEN

13   because he had witnessed first-hand how managers and HR harassed and ridiculed two other employees

14   who had reported mental health issues to the company.

15       17.    In the months leading up to December 2019, PLAINTIFF expressed several times to

16   his supervisor that he was experiencing symptoms of anxiety and depression, for example: feeling

17   anxious, worried, stressed, overwhelmed, trouble concentrating, tiredness, sleep disturbances, and

18   physical symptoms like neck pain and crying. In or around January 2019 for example, PLAINTIFF

19   was on a work trip to BELDEN's St. Louis office, at which time his supervisor Caryn Butterfield and

20   Tom Applegarth (VP of HR) cornered him about a delivery deadline. PLAINTIFF cried in front of

21   them, further alerting them to the fact he was battling a disability.

22       18.    PLAINTIFF did not initially share that he was seeing a therapist, for fear of being

23   marginalized the same way that past employees had been. These interactions occurred via one-on-one

24   virtual meetings as PLAINTIFF was supervised remotely at the time.

| FIRST AMENDED COMPLAINT FOR DAMAGES | 4 | CASE NO. RG21107710 |

1        19.    By December 2019, PLAINTIFF's symptoms were getting worse, and he felt like he

2 needed to take leave to deal with his condition. On December 6, 2019, PLAINTIFF emailed his

3 supervisor, Caryn Butterfield, and a local HR contact, Paul Wagenhaus, who had been PLAINTIFF's

4 previous manager, explaining in detail about his condition. In the email, PLAINTIFF shared that he

5 was seeing a therapist and requested to take family medical leave (FMLA) so he could continue his

6 weekly sessions with his therapist. PLAINTIFF's employment was terminated within hours of sending

7 this email.

8
## FIRST CAUSE OF ACTION
## UNPAID OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE
9
## SECTION 510

10       20.    PLAINTIFF re-alleges and incorporates herein by reference the preceding paragraphs of

11 this Complaint.

12       21.    Pursuant to California Labor Code Section 510 (a), eight hours of labor constitutes a

13 day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in

14 any one workweek and the first eight hours worked on the seventh day of work in any one workweek

15 shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an

16 employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than

17 twice the regular rate of pay for an employee.

18       22.    PLAINTIFF alleges that he worked an average of 15 hours overtime each week he

19 worked for BELDEN for his tenure with the company. None of this overtime was paid as required

20 under California Labor Code section 510.

21       23.    As the legal result of BELDEN's conduct, PLAINTIFF has suffered substantial losses

22 of overtime wages he would have received if BELDEN had not engaged in the unlawful conduct. As a

23 result of such misconduct and consequent harm, PLAINTIFF has suffered such damages in an amount

24 according to proof.

25

| FIRST AMENDED COMPLAINT FOR DAMAGES | 5 | CASE NO. RG21107710 |
| --- | --- | --- |

## SECOND CAUSE OF ACTION
### FAILURE TO OFFER MEAL BREAKS IN VIOLATION CALIFORNIA LABOR CODE SECTION 512

24.     PLAINTIFF re-alleges and incorporates herein by reference the preceding paragraphs of this Complaint.

25.     Pursuant to California labor code section 512 (a), an employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by written mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

26.     Pursuant to California labor code section 226.7 (c), if an employer fails to provide an employee a meal or rest or recovery period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

27.     PLAINTIFF was directed to work through lunch about 2 times per month while working for BELDEN.  Accordingly, he is entitled to premium pay consistent with California Labor Code Section 226.7 (c) in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
### WAITING TIME PENALTIES PURSUANT TO LABOR CODE SECTION 203

28.     PLAINTIFF re-alleges and incorporates herein by reference the preceding paragraphs of

1  this Complaint.

2    29.    Pursuant to California Labor Code Section 203 (a), if an employer willfully fails to

3  pay, without abatement or reduction, any wages of an employee who is discharged or who quits, the

4  wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid

5  or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

6    30.    BELDEN terminated PLAINTIFF's employment on December 6, 2019.   BELDEN

7  failed to tender PLAINTIFF's overtime wages on the day of termination, and to date has not paid such

8  wages.

9    31.    BELDEN's failure to pay PLAINTIFF the overtime wages due and owing as specified

10 in the preceding Paragraphs was willful because BELDON directed PLAINTIFF to work substantial

11 overtime while he was in non-exempt positions at the company.

12    32.  Pursuant to Labor Code Section 203, PLAINTIFF is entitled to a "waiting time penalty"

13 which is calculated as 30 days of his daily rate.

14                    **FOURTH CAUSE OF ACTION**
    **DISABILITY DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR**
15                 **EMPLOYMENT AND HOUSING ACT**

16    33.    PLAINTIFF re-alleges and incorporates herein by reference the preceding paragraphs of

17 this Complaint.

18    34.    At all times relevant to this Complaint, the California Fair Employment and Housing

19 Act, codified at Government Code Section 12940, *et seq.* ("FEHA") and its implementing regulations

20 were in full force and effect and binding on BELDEN.

21    35.    Pursuant to Government Code Section 12940(a), it is unlawful for an employer to

22 discriminate against an employee because of the employee's disability.

23    36.    Pursuant to Government Code Sections 12926 and 12926.1, PLAINTIFF has a disability,

24 a record of disability, and/or was perceived as or treated as having a disability by BELDEN.

25

| FIRST AMENDED COMPLAINT FOR DAMAGES | 7 | CASE NO.  RG21107710 |
|---|---|---|

37.     PLAINTIFF was able to perform the essential functions of his job as a Human Resources Specialist with reasonable accommodations for his disability.

38.     PLAINTIFF'S disability was a motivating factor in BELDEN's decision to terminate his employment.

39.     As the legal result of BELDEN's conduct, PLAINTIFF has suffered substantial losses of wages, salary, benefits, and additional amounts of money that PLAINTIFF would have received if BELDEN had not discriminated against him as alleged *supra*.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered damages in an amount according to proof.

40.     As the further legal result of BELDEN's conduct, PLAINTIFF has suffered and continues to suffer embarrassment, anxiety, humiliation, and emotional distress, which caused PLAINTIFF to suffer damages in an amount according to proof.

41.     As the further legal result of BELDEN's conduct, PLAINTIFF has been harmed in that he has suffered the intangible loss of employment-related opportunities such as experience and status in the positions previously held by him.

42.     The above-cited conduct of BELDEN was done with malice, fraud and oppression, and in reckless disregard of PLAINTIFF's rights under FEHA. PLAINTIFF is thus entitled to recover punitive damages from BELDEN in an amount according to proof.

43.     Pursuant to Government Code Sections 12940 and 12965(b), BELDEN is liable for all relief necessary to make PLAINTIFF whole, including front and back pay, interest thereon, compensation for any special damages suffered because of the discrimination, general damages, and punitive damages. PLAINTIFF is also entitled to his reasonable attorneys' fees and costs of suit.

**FIFTH CAUSE OF ACTION**
**FAILURE TO REASONABLY ACCOMODATE IN VIOLATION OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

44.     PLAINTIFF re-alleges and incorporates herein by reference the preceding paragraphs of this Complaint.

45.     Pursuant to Government Code Section 12940(m), it is unlawful for an employer to fail to make reasonable accommodation for the known physical disability of an employee.

46.     BELDEN knew PLAINTIFF suffered from a disability requiring accommodation because he had informed them with a detailed email about his condition and his need for leave on December 6, 2019. In that email PLAINTIFF requested to be put on FMLA so he could continue his weekly sessions with his therapist.

47.     BELDEN terminated PLAINTIFF's employment a few hours after he sent the above-mentioned email concerning his disability.

48.     As the legal result of BELDEN's conduct, PLAINTIFF has suffered substantial losses of wages, salary, benefits, and additional amounts of money that PLAINTIFF would have received if BELDEN had not discriminated against him as alleged *supra*. As a result of such discrimination and consequent harm, PLAINTIFF has suffered damages in an amount according to proof.

49.     As the further legal result of BELDEN's conduct, PLAINTIFF has suffered and continues to suffer embarrassment, anxiety, humiliation, and emotional distress, which caused PLAINTIFF to suffer damages in an amount according to proof.

50.     As the further legal result of BELDEN's conduct, PLAINTIFF has been harmed in that he has suffered the intangible loss of employment-related opportunities such as experience and status in the positions previously held by him.

51.     The above-cited conduct of BELDEN was done with malice, fraud and oppression, and in reckless disregard of PLAINTIFF's rights under FEHA. PLAINTIFF is thus entitled to recover

1   punitive damages from BELDEN in an amount according to proof.

2       52.    Pursuant to Government Code Sections 12940 and 12965(b), BELDEN is liable for all

3   relief necessary to make PLAINTIFF whole, including front and back pay, interest thereon,

4   compensation for any special damages suffered because of the discrimination, general damages, and

5   punitive damages. PLAINTIFF is also entitled to his reasonable attorneys' fees and costs of suit.

6                  **SIXTH CAUSE OF ACTION**
**FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE**
7          **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

8       53.    PLAINTIFF re-alleges and incorporates herein by reference the preceding paragraphs of

9   this Complaint.

10      54.    FEHA makes it an unlawful employment practice for an employer to fail to engage in a

11   timely, good faith, interactive process with the employee to determine effective reasonable

12   accommodations for an employee with a known disability or medical condition. *See* Cal. Govt. Code §

13   12940(n).

14      55.    Throughout 2019, PLAINTIFF discussed symptoms of depression and anxiety with his

15   immediate supervisor, including that he was feeling anxious, worried, stressed, overwhelmed, had

16   trouble concentrating, tiredness, sleep disturbances, and physical symptoms like neck pain and crying.

17   On December 6, 2019, PLAINTIFF emailed his supervisor and requested FMLA to continue the

18   treatment he was receiving from his therapist. BELDEN ignored his requests for accommodation and

19   fired him a few hours later without any discussion on how his disability could be reasonably

20   accommodated.

21      56.    As the legal result of BELDEN's conduct, PLAINTIFF has suffered substantial losses

22   of wages, salary, benefits, and additional amounts of money that PLAINTIFF would have received if

23   BELDEN had not discriminated against him as alleged *supra*. As a result of such discrimination and

24   consequent harm, PLAINTIFF has suffered damages in an amount according to proof.

57.     As the further legal result of BELDEN's conduct, PLAINTIFF has suffered and continues to suffer embarrassment, anxiety, humiliation, and emotional distress, which caused PLAINTIFF to suffer damages in an amount according to proof.

58.     As the further legal result of BELDEN's conduct, PLAINTIFF has been harmed in that he has suffered the intangible loss of employment-related opportunities such as experience and status in the positions previously held by him.

59.     The above-cited conduct of BELDEN was done with malice, fraud and oppression, and in reckless disregard of PLAINTIFF's rights under FEHA. PLAINTIFF is thus entitled to recover punitive damages from BELDEN in an amount according to proof.

60.     Pursuant to Government Code Sections 12940 and 12965(b), BELDEN is liable for all relief necessary to make PLAINTIFF whole, including front and back pay, interest thereon, compensation for any special damages suffered because of the discrimination, general damages, and punitive damages. PLAINTIFF is also entitled to his reasonable attorneys' fees and costs of suit.

## SEVENTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

61.     PLAINTIFF re-alleges and incorporates herein by reference the preceding paragraphs of this Complaint.

62.     In order to establish a prima facie case of retaliation under FEHA, a plaintiff must show (1) she engaged in a "protected activity," (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action. *See Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042.

63.     PLAINTIFF engaged in a protective activity of requesting medical leave to treat a bona fide disability he had reported to his supervisor. PLAINTIFF was terminated from employment only a few hours after making this request.

| FIRST AMENDED COMPLAINT FOR DAMAGES | 11 | CASE NO. RG21107710 |
|---|---|---|

64.     As the legal result of BELDEN's conduct, PLAINTIFF has suffered substantial losses of wages, salary, benefits, and additional amounts of money that PLAINTIFF would have received if BELDEN had not discriminated against him as alleged *supra*. As a result of such discrimination and consequent harm, PLAINTIFF has suffered damages in an amount according to proof.

65.     As the further legal result of BELDEN's conduct, PLAINTIFF has suffered and continues to suffer embarrassment, anxiety, humiliation, and emotional distress, which caused PLAINTIFF to suffer damages in an amount according to proof.

66.     As the further legal result of BELDEN's conduct, PLAINTIFF has been harmed in that he has suffered the intangible loss of employment-related opportunities such as experience and status in the positions previously held by him.

67.     The above-cited conduct of BELDEN was done with malice, fraud and oppression, and in reckless disregard of PLAINTIFF's rights under FEHA. PLAINTIFF is thus entitled to recover punitive damages from BELDEN in an amount according to proof.

68.     Pursuant to Government Code Sections 12940 and 12965(b), BELDEN is liable for all relief necessary to make PLAINTIFF whole, including front and back pay, interest thereon, compensation for any special damages suffered because of the discrimination, general damages, and punitive damages. PLAINTIFF is also entitled to his reasonable attorneys' fees and costs of suit.

## EIGHTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

69.     PLAINTIFF re-alleges and incorporates herein by reference the preceding paragraphs of this Complaint.

70.     If an employer fires an employee for a reason prohibited by public policy, such as the policies enunciated and advanced by FEHA, it constitutes wrongful termination in violation of public policy. *See Liu v. Amway Corp.* (9th Cir. 2003) 347 F.3d 1125, 1138; *Nelson v. United Technologies*

1  (1999) 74 Cal.App.4th 597, 612.

2  71.    BELDEN's unlawful conduct against PLAINTIFF violated the public policies

3  underlying FEHA.

4  72.    As the legal result of BELDEN's conduct, PLAINTIFF has suffered substantial losses

5  of wages, salary, benefits, and additional amounts of money that PLAINTIFF would have received if

6  BELDEN had not discriminated against him as alleged *supra*.  As a result of such discrimination and

7  consequent harm, PLAINTIFF has suffered damages in an amount according to proof.

8  73.    As the further legal result of BELDEN's conduct, PLAINTIFF has suffered and

9  continues to suffer embarrassment, anxiety, humiliation, and emotional distress, which caused

10  PLAINTIFF to suffer damages in an amount according to proof.

11  74.    As the further legal result of BELDEN's conduct, PLAINTIFF has been harmed in that

12  he has suffered the intangible loss of employment-related opportunities such as experience and status

13  in the positions previously held by him.

14  75.    The above-cited conduct of BELDEN was done with malice, fraud and oppression, and

15  in reckless disregard of PLAINTIFF's rights under FEHA. PLAINTIFF is thus entitled to recover

16  punitive damages from BELDEN in an amount according to proof.

17  76.    Pursuant to Government Code Sections 12940 and 12965(b), BELDEN is liable for all

18  relief necessary to make PLAINTIFF whole, including front and back pay, interest thereon,

19  compensation for any special damages suffered because of the discrimination, general damages, and

20  punitive damages. PLAINTIFF is also entitled to his reasonable attorneys' fees and costs of suit.

21

22

23

24

25

1

**JURY DEMAND**

2
PLAINTIFF demands a jury trial on all issues raised by this Complaint.

3

4
**PRAYER FOR RELIEF**

5
ACCORDINGLY, PLAINTIFF requests relief as follows:

6
    1.     For special and economic damages;

7
    2.     For general and non-economic damages;

8
    3.     For punitive damages;

9
    4.     For reasonable attorneys' fees, including a "multiplier";

10
    5.     For costs of suit;

11
    6.     For interest at the maximum legal rate on all sums awarded; and

12
    7.     For such other relief as the Court deems just and proper.

13

14
Dated: December 16, 2021          LAW OFFICE OF ANTHONY J. SPERBER

15

16

17
By: _____

18
Kurt W. Dreger
Attorneys for Plaintiff Martin Knap

19

20

21

22

23

24

25

| FIRST AMENDED COMPLAINT FOR DAMAGES | 14 | CASE NO.  RG21107710 |
|---|---|---|



Exhibit C



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24244582**
**Date Processed: 12/23/2021**

| | |
|---|---|
| **Primary Contact:** | Brian Anderson<br>Belden, Inc.<br>1 N Brentwood Blvd<br>Fl 15<br>Saint Louis, MO 63105-3997 |

| | |
|---|---|
| **Entity:** | Belden Inc.<br>Entity ID Number  0133635 |
| **Entity Served:** | Belden, Inc. |
| **Title of Action:** | Martin Knap vs. Belden, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | RG21107710 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/21/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Law Office Of Anthony J. Sperber<br>510-845-8844 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BELDEN, INC., a Delaware corporation; and DOES 1 through 25

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
12/17/2021
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Xian-xii Bowie _____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARTIN KNAP, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court,<br>Administration Building, 3rd floor, 1221 Oak Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>RG21107710 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Anthony J. Sperber and Kurt W. Dreger, Law Office of Anthony J. Sperber, 1808 6th Street, Berkeley, CA 94710 510-845-8844

| DATE:<br>*(Fecha)* 12/17/2021 | Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* Xian-xii Bowie | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* Belden, Inc., a Delaware corporation

   under: ☒☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*



Exhibit D

1  TODD B. SCHERWIN, SBN 239848
E-Mail: tscherwin@fisherphillips.com
2  DANIELLE S. KRAUTHAMER, SBN 305311
E-Mail: dkrauthamer@fisherphillips.com
3  FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
4  Los Angeles, California 90071
Telephone: (213) 330-4500
5  Facsimile: (213) 330-4501
6

7  Attorneys for Defendant
BELDEN INC.
8

9  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10  CITY AND COUNTY OF ALAMEDA

11

12  MARTIN KNAP,                          Case No: RG21107710

13          Plaintiff,                    [*Assigned for all purposes to the Honorable
                                           Jeffrey Brand, Dept. 22*]
14      v.
                                          **DEFENDANT BELDEN INC.'S ANSWER &**
15  BELDEN, INC., a Delaware corporation; and   **AFFIRMATIVE DEFENSES TO**
    DOES 1 through 25,                    **PLAINTIFF'S FIRST AMENDED**
16                                        **COMPLAINT**
17          Defendants.

18                                        Complaint Filed:        July 30, 2021
                                          Amended Complaint Filed: December 17, 2021
19                                        Trial Date:             None yet set

20

21

22

23

24

25

26

27

28

Defendant, BELDEN INC., ("Defendant") responds to Plaintiff MARTIN KNAP's ("Plaintiff") First Amended Complaint ("FAC") as follows:

## ANSWER

Pursuant to *Code of Civil Procedure* section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified FAC.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief or that Plaintiff has suffered, or will suffer, any loss or damage in the amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof, on the part of Defendant or any of its respective past or present agents, representatives, and/or employees.  Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the FAC:

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's FAC, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's FAC, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1 and 340, subdivision (a), and California Government Code sections 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's FAC, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

## FOURTH AFFIRMATIVE DEFENSE

4.     If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff is estopped by his conduct from recovering any relief sought in the FAC, or in any purported cause of action alleged therein.

FP 42742100.1

1

### SIXTH AFFIRMATIVE DEFENSE

2

6.      By his conduct, Plaintiff has waived any right to recover any relief sought in the FAC, or

3

in any purported cause of action alleged therein.

4

### SEVENTH AFFIRMATIVE DEFENSE

5

7.      Plaintiff's claims are barred by the doctrine of unclean hands.

6

### EIGHTH AFFIRMATIVE DEFENSE

7

8.      Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this

8

action is barred by laches.

9

### NINTH AFFIRMATIVE DEFENSE

10

9.      The acts of the other named Defendants of which Plaintiff complains were all undertaken

11

outside the scope of their agency and/or employment with this answering Defendant and without the

12

knowledge or consent of this answering Defendant and this answering Defendant may not be held liable

13

therefor.

14

### TENTH AFFIRMATIVE DEFENSE

15

10.      To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury,

16

they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the

17

result of any act or omission of Defendant.

18

### ELEVENTH AFFIRMATIVE DEFENSE

19

11.      Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies

20

and/or internal grievance procedures.

21

### TWELFTH AFFIRMATIVE DEFENSE

22

12.      There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged

23

acts of Defendant of which Plaintiff complains.

24

### THIRTEENTH AFFIRMATIVE DEFENSE

25

13.      The alleged acts of which Plaintiff complains were based on reasonable factors other than

26

disability, medical condition or any other prohibited factor.

27

///

28

///

3

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Even if there was discrimination against Plaintiff (which Defendant denies), Plaintiff would have been terminated anyway.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiff failed to cooperate in the process of reasonable accommodation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiff failed to cooperate in good faith in the interactive process.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Defendant was not required to accommodate Plaintiff's disabilities as it would have caused an undue hardship on Defendant's operations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Plaintiff was unable to perform the essential functions of his position even with reasonable accommodation by Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Plaintiff's allegations are barred because his requested accommodations were unreasonable.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     Plaintiff's claims are barred because the actions complained of were protected by the free speech provisions of the First Amendment to the United States Constitution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Plaintiff was paid all wages due him on a timely basis.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Plaintiff's claims for waiting time penalties pursuant to Labor Code section 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated as required by law.

///

///

4

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Any recovery by Plaintiff on any cause of action in the FAC related (directly or indirectly as a derivative claim) to unpaid time worked, including overtime, is barred on the ground that any such time worked was unauthorized by Defendant, was performed without Defendant's consent, was performed without Defendant's actual or constructive knowledge, and was contrary to Defendant's express policies and procedures related to the recording of time worked and payment for such time.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims for meal and rest period violations are barred to the extent that Plaintiff affirmatively chose not to take or waived meal periods, which were provided, and rest breaks, which were authorized and permitted.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff is not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of Defendant's conduct, and are unconstitutional under Article I, Section VII, of the California Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claim that he was unlawfully denied his right to meal periods by Defendant is barred to the extent that Plaintiff was provided an off-duty meal period of at least thirty (30) minutes duration at the appropriate times as required by Section 11 of the applicable Industrial Welfare Commission Wage Order(s), and any interruption during said meal periods (which Defendant does not concede) was "*de minimis*," as permitted by law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claim that he was unlawfully denied his right to rest periods is barred to the extent he voluntarily relinquished or waived his right to such rest periods.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

DEFENDANT BELDEN INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

FP 42742100.1

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

3

29.     Any recovery on Plaintiff's FAC, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

4

## THIRTIETH AFFIRMATIVE DEFENSE

5

6

7

30.     Any recovery on Plaintiff's FAC or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

8

## THIRTY-FIRST AFFIRMATIVE DEFENSE

9

10

11

12

31.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

13

**WHEREFORE**, this answering Defendant prays as follows:

14

1.     That Plaintiff take nothing by his complaint for damages;

15

2.     That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

16

17

3.     That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

18

4.     That the court award such other and further relief as it deems appropriate.

19

20

21

Dated:  January 19, 2022                    FISHER & PHILLIPS LLP

22

23

By: _Danielle S. Krauthamer_

24

TODD B. SCHERWIN
DANIELLE S. KRAUTHAMER
Attorneys for Defendant
BELDEN INC.

25

26

27

28

6

FP 42742100.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 19, 2022, I served the following document(s) **DEFENDANT BELDEN INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Anthony J. Sperber          ***Attorneys for Plaintiff***
Kurt W. Dreger
Law Office of Anthony J. Sperber          Telephone:  (510) 845-8844
1808 Sixth Street          Facsimile:  (510) 845-1998
Berkeley, CA  94710          Email:  anthony@sperberlaw.com

☒  **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐  **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐  **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐  **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed January 19, 2022, at Los Angeles, California.

Mayra Hernandez          By:  *Mayra Hernandez*
_____                    _____
Print Name                                              Signature

PROOF OF SERVICE

FP 42742100.1

Exhibit E

1   TODD B. SCHERWIN, SBN 239848
    E-Mail:  tscherwin@fisherphillips.com
2   DANIELLE S. KRAUTHAMER, SBN 305311
    E-Mail:  dkrauthamer@fisherphillips.com
3   FISHER & PHILLIPS LLP
    444 South Flower Street, Suite 1500
4   Los Angeles, California 90071
    Telephone:  (213) 330-4500
5   Facsimile:  (213) 330-4501
6
7   Attorneys for Defendant
    BELDEN INC.
8
9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                        CITY AND COUNTY OF ALAMEDA
11
12  MARTIN KNAP,                          Case No:  RG21107710
13          Plaintiff,                    [*Assigned for all purposes to the Honorable
                                          Jeffrey Brand, Dept. 22*]
14      v.
                                          **NOTICE TO ADVERSE PARTIES AND
15  BELDEN, INC., a Delaware corporation; and   STATE COURT OF DEFENDANT BELDEN
    DOES 1 through 25,                    INC.'S NOTICE AND PETITION OF
16                                        REMOVAL OF ACTION PURSUANT TO 28
                                          U.S.C. §§ 1332(A), 1441, AND 1446**
17          Defendants.
18                                        Complaint Filed:          July 30, 2021
                                          Amended Complaint Filed: December 17, 2021
19                                        Trial Date:               TBD
20
21
22
23
24
25
26
27
28

---
NOTICE TO ADVERSE PARTIES AND STATE COURT OF DEFENDANT HD SUPPLY MANAGEMENT, INC.'S
NOTICE AND PETITION OF REMOVAL

FP 42769411.1

TO PLAINTIFF MARTIN KNAP AND HIS COUNSEL OF RECORD AND TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA:

PLEASE TAKE NOTICE THAT on January 20, 2022, a Notice for Removal of this action was filed in the United States District Court for the Northern District of California (Oakland Division) by Defendant BELDEN INC. ("Defendant"). A copy of the Notice of Removal is attached hereto as **Exhibit A**.

PLEASE TAKE NOTICE that the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Accordingly, Defendant respectfully requests this Court to vacate the Case Management Conference presently scheduled for March 30, 2022 at 9:00 A.M. in Department 22 of the above-captioned action.

Dated:  January 20, 2022

FISHER & PHILLIPS LLP

By: _____
    TODD B. SCHERWIN
    DANIELLE S. KRAUTHAMER
    Attorneys for Defendant
    BELDEN INC.

NOTICE TO ADVERSE PARTIES AND STATE COURT OF DEFENDANT HD SUPPLY MANAGEMENT, INC.'S NOTICE AND PETITION OF REMOVAL

FP 42769411.1

Exhibit A

1   Todd B. Scherwin (SBN 239848)
        E-Mail:  tscherwin@fisherphillips.com
2   Danielle S. Krauthamer (SBN 305311)
        E-Mail:  dkrauthamer@fisherphillips.com
3   FISHER & PHILLIPS LLP
    444 South Flower Street, Suite 1500
4   Alameda, California 90071
    Telephone: (213) 330-4500
5   Facsimile:  (213) 330-4501

6   Attorneys for Defendant
    BELDEN INC.
7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  MARTIN KNAP, an individual,                    Case No:

12                  Plaintiff,             *[Removed from Alameda County Superior Court,
                                           Case No.: RG21107710]*
13          v.
                                           **DEFENDANT BELDEN INC.'S NOTICE OF**
14  BELDEN, INC., a Delaware corporation;  **REMOVAL OF ACTION PURSUANT TO 28**
    and DOES 1 through 25,                  **U.S.C §§ 1332 (a), 1441, AND 1446**
15
                    Defendants.            *[Filed concurrently with Civil Cover Sheet;*
16                                         *Certificate of Interested Parties; Corporate*
                                           *Disclosure Statement; Notice of Related Cases;*
17                                         *and Declarations of Danielle S. Krauthamer and*
                                           *Brian E. Anderson]*
18
                                           Complaint Filed:  December 17, 2021
19                                         Trial Date:               TBD

20

21

22

23

24

25

26

27

28

## <u>TABLE OF  CONTENTS</u>

I.     STATEMENT OF JURISDICTION.................................................................1

II.    VENUE .......................................................................................................1

III.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL..................1

IV.    GROUNDS FOR REMOVAL......................................................................2

       A.    Complete Diversity of Citizenship Exists Between Knap and Belden. .............2

             1.    Citizenship of Knap ...................................................2

             2.    Citizenship of Belden..................................................3

             3.    Citizenship of Doe Defendants ....................................4

       B.    The Amount in Controversy Requirement Is Satisfied........................4

V.     PROCEDURAL PREREQUISITES..............................................................7

VI.    CONCLUSION.........................................................................................7

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ajimatanrareje v. Metro Life Ins. Co.*,
5     1999 U.S. Dist. LEXIS 7339 (N.D. Cal. 1999) ...................................... 6

6

*Chavez v. JPMorgan Chase & Co.*,
    888 F.3d 413 (9th Cir. 2018) ................................................................ 4, 5
7

8

*Cohn v. Petsmart, Inc.*,
    281 F.3d 837 (9th Cir. 2002) ................................................................... 5

9

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
10     135 S.Ct. 547 (2014) ................................................................................ 4

11

*Faulkner v. Astro-Med, Inc.*,
    1999 U.S. Dist. LEXIS 15801 (N.D. Cal. 1999) ................................... 6
12

*Galt G/S v. JSS Scandinavia*,
13     142 F.3d 1150 (9th Cir. 1998) ................................................................ 6

14

*Hertz Corp. v. Friend*,
15     559 U.S. 77 (U.S. 2010) .......................................................................... 3

16

*Indus. Tectronics, Inc. v. Aero Alloy*,
    912 F.2d 1090 (9th Cir. 1990) ................................................................ 3
17

*Kanotor v. Wellesley Galleries, Ltd.*,
18     704 F.2d 1088 (9th Cir. 1983) ................................................................ 2

19

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
20     199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................... 5

21

*Kramer v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ............................................................... 2, 5
22

*Lew v. Moss*,
23     797 F.2d 747 (9th Cir. 1986) ................................................................... 2

24

*Martin Knap v. Belden Management, Inc., et al.*,
    Case No. 21107871 .................................................................................. 1
25

*Martin Knap v. Belden Management, Inc., et al.*,
26     Case No. RG21107710 .................................................................... 1, 2, 3, 7

27

*Mondragon v. Capital One Auto Fin.*,
28     736 F.3d 880 (9th Cir. 2013) ................................................................... 2

1
2

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (11th Cir. 1999) ............................................................................. 2

3
4

*Newcombe v. Adolf Coors Co.*
    157 F.3d 686 (9th Cir. 1998) ............................................................................... 4

5

*Parker-Williams v. Charles Tini & Associates, Inc.*,
    53 F.Supp.3d 149 (D.D.C. 2014) ........................................................................ 4

6
7

*Rodriguez v. AT & T Mobility Servs. LLC*,
    728 F.3d 975 (9th Cir. 2013) ............................................................................... 4

8

*Saulic v. Symantec Corp.*,
    No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883 (C.D. Cal. Dec. 26,
    2007) .................................................................................................................... 4

9
10

*State Farm Fire & Cas. Co. v. Byrd*,
    710 F. Supp. 1292 (N.D. Cal. 1989) .................................................................... 3

11
12

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ............................................................................... 2

13

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ............................................................................. 5

14
15

**Statutes**

16

28 U.S.C. §§ 84(c), 1391, and 1441 ........................................................................... 1

17

28 U.S.C. §§ 1332 and 1441(b) .................................................................................. 1

18

28 U.S.C. § 1332(a) ................................................................................................ 1, 4

19

28 U.S.C. § 1332 (a)(1) .............................................................................................. 2

20

28 U.S.C. § 1332(c)(1) ............................................................................................... 3

21

28 U.S.C. §1441(a) ..................................................................................................... 4

22

28 U.S.C. §§ 1441(a) and 1446(a) ............................................................................. 6

23

28 U.S.C. § 1441(b) .................................................................................................... 1

24

28 U.S.C. § 1446(b) .................................................................................................... 2

25

28 U.S.C. § 1446(b)(3) ............................................................................................... 2

26

28 U.S.C. § 1446(d) .................................................................................................... 7

27
28

**TO PLAINTIFF, HIS COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendant BELDEN INC. ("Belden"), by and through its counsel of record, hereby submits this Notice of Removal and Petition to Remove this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California (Oakland Division) pursuant to 28 U.S.C. §§ 1332 and 1441(b).  The grounds for removal are as follows:

**I.      STATEMENT OF JURISDICTION**

1.      This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below.  *See* 28 U.S.C. §§ 1332, 1441(b).

**II.     VENUE**

2.      This action was filed in the California Superior Court for the County of Alameda.  Thus, venue properly lies in the United States District Court for the Northern District of California.  *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

**III.    PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

3.      On July 30, 2021, Plaintiff Martin Knap ("Knap" or "Plaintiff") filed a civil action in the Alameda Superior Court entitled *Martin Knap v. Belden Management, Inc., et al.*, Case No. 21107871.  This civil action was never served on Belden. *See* Declaration of Danielle S. Krauthamer ("Krauthamer Decl."), ¶ 2, **Exhibit A**.

4.      On December 17, 2021, Plaintiff filed a First Amended Complaint ("FAC") in the Alameda Superior Court entitled *Martin Knap v. Belden Management, Inc., et al.*, Case No. RG21107710 ("State Lawsuit").  This is the operative Complaint.  Krauthamer Decl., ¶ 3, **Exhibit B**.

///

5.      On December 21, 2021, Knap served Belden with the Civil Case Sheet, Summons, and Complaint.  Krauthamer Decl., ¶ 4, **Exhibit C**.  The FAC asserts the following causes of action: (1) Failure to Pay Overtime Wages in Violation of California Labor Code Section 510; (2) Failure to Offer Meal Breaks in Violation of California Labor Code Section 512; (3) Waiting Time Penalties Pursuant to Labor Code Section 203; (4) Disability Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"); (5) Failure to Reasonably Accommodate in Violation of the FEHA; (6) Failure to Engage in an Interactive Process in Violation of the FEHA; (7).  Krauthamer Decl., ¶ 3, **Exhibit B**.

6.      Belden filed its answer to the FAC on January 19, 2022.  Krauthamer Decl., ¶ 5, **Exhibit D**.

7.      As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon Belden in the State Lawsuit.  Krauthamer Decl., ¶ 7.

8.      This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based.  *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (11th Cir. 1999).  In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit, as required by 28 U.S.C. § 1446(b).  Therefore, this Notice of Removal has been timely filed.

## IV.      GROUNDS FOR REMOVAL

### A.      <u>Complete Diversity of Citizenship Exists Between Knap and Belden.</u>

#### *1.      Citizenship of Knap*

9.      For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain).  Residence  is *prima facie* evidence of domicile.  *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).

In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

10.     In the FAC, Knap alleges that he, "[a]t all relevant times herein mentioned," has been a resident of the State of California and resides in Alameda County, California.  *See* Krauthamer Decl., ¶ 3, **Exhibit B**, Compl. ¶ 1.  Nothing in the FAC or other pleadings state or suggest otherwise.  Accordingly, Knap is domiciled in and is a citizen of the State of California.

### 2.     Citizenship of Belden

11.     At the time of the filing of this action, Belden was and continues to be a corporation.  Declaration of Brian E. Anderson ("Anderson Decl."), ¶ 2.

12.     For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (U.S. 2010).  This is the corporation's "nerve center." *Id.* at 1181.  "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93.  The "nerve center" analysis focuses on the place at which the corporation's executive and administrative functions are conducted.  *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

13.     At all times alleged in the State Lawsuit and at the time this Notice of Removal was filed, Belden is, and was, a corporation that is incorporated in Delaware.  *See* Anderson Decl., ¶ 2.  Defendant Belden's principal place of business is, and was, located in Missouri as of the date the State Lawsuit and this Notice of Removal were filed.  *See id*.  Defendant Belden controls, directs, and coordinates the company's business activities at its Missouri headquarters.  *See id*.  Defendant Belden's Chief Executive Officer and Chief Financial Officer work in the

1   company's Missouri headquarters.  *See id*.  Accordingly, Defendant Belden is a citizen of the

2   states of Delaware and Missouri as it is incorporated in Delaware and has its principal place of

3   business in Missouri.

### 3.   *Citizenship of Doe Defendants*

5   14.   The FAC also names as Defendants DOES 1 through 25 ("DOE Defendants").

6   The twenty-five "Doe" Defendants named in the FAC are not considered in assessing diversity.

7   *See*, *e.g.*, *Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C.

8   §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall

9   be disregarded for purposes of removal.  As such, the district court was correct in only

10  considering the domicile of the named defendants.").  Accordingly, the citizenship of the alleged

11  DOE Defendants does not impact the diversity analysis for removal.

12  15.   Because Plaintiff is a citizen of California and Belden is a citizen of Delaware and

13  Missouri, complete diversity of citizenship exists in this matter.

### B.   <u>The Amount in Controversy Requirement Is Satisfied</u>.

15  16.   Diversity jurisdiction exists where the parties are diverse of citizenship and the

16  amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28

17  U.S.C. §1332(a).

18  17.   The $75,000 threshold necessary for diversity jurisdiction is not particularly

19  burdensome.  In fact, when seeking removal of a state action to federal court based on diversity

20  jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the

21  amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating

22  Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  The failure of the FAC to specify the total amount

23  of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.

24  *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5

25  (C.D. Cal. Dec. 26, 2007) (denying Plaintiff's motion to remand); *Parker-Williams v. Charles

26  Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (holding the amount in

27  controversy requirements was satisfied).  A defendant need only to establish by a preponderance

28  of evidence that the claims exceed the jurisdictional minimum.  *Rodriguez v. AT & T Mobility*

*Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes."  *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).  "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy."  *Chavez*, 888 F.3d at 416.

18.   While Belden adamantly denies Knap's allegations, denies any liability, and denies Knap has suffered any damages, based upon the allegations contained in the FAC, the amount of controversy in this action exceeds $75,000, exclusive of interest and costs.  For purposes of determining the amount in controversy, the Court must assume that the allegations in the Complaint are true and assume that a jury will return a verdict for Plaintiff on all claims made in the Complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Moreover, the amount in controversy can be determined from the Complaint or from other sources, including statements made in the notice of removal.  *See Kanter*, *supra*, 265 F.3d at 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

19.   Plaintiff will more likely than not claim past lost wages and benefits through trial.  At the time of his termination, as Manager, Human Resources Analytics, Plaintiff earned $76,600 per year, with the opportunity for a 5% performance bonus.  Krauthamer Decl., ¶ 3, **Exhibit b**, Compl., ¶ 15.  Given that Plaintiff alleges that he was wrongfully terminated as of December 6, 2019, and it has been 25 months since Plaintiff's alleged termination, his past lost wages to date, not even including the value of lost employment benefits, is $159,583.33 (*i.e.*, $76,600 divided by 12 multiplied by 25 months since alleged termination).  Krauthamer Decl., ¶ 8; *see also* Krauthamer Decl., ¶ 3, **Exhibit B**, Compl., ¶ 15.  Because Plaintiff will likely seek lost wages

through trial, and trial will likely not take place until January 2023, at the earliest (*i.e.,* one year from the filing of the notice of removal), Plaintiff's lost wages will increase by another $76,600, for a total past lost wages in controversy of $236,183.33 (*i.e.*, past lost wages to date of $159,583.33 plus an additional $76,600 from date of notice of removal to one year from the filing of the notice of removal).  Krauthamer Decl., ¶ 9.

20.     From the face of the FAC, Plaintiff has expressly pleaded damages in excess of $75,000.  In the instant case, Knap alleges eight causes of action seeking recovery of special and economic damages; general and non-economic damages; punitive damages; costs of suit; and reasonable attorneys' fees.   Krauthamer., ¶ 3, **Exhibit B**, Prayer ¶ 1-5.

21.     For the fourth, fifth, sixth, seventh, and eighth causes of action, Plaintiff has pled damages including "front and back pay, interest thereon, compensation for any special damages suffered because of the discrimination, general damages."  Krauthamer., ¶ 3, **Exhibit B**, Compl., ¶¶ 43, 52, 60, 68, 76. Plaintiff also claims future lost wages: "the intangible loss of employment-related opportunities such as experience and status in the  positions previously held by him." *Id.*, ¶¶ 41, 50, 58, 66, 74.

22.     Plaintiff also seeks punitive damages and attorneys' fees and costs in his fourth, fifth, sixth, seventh, and eighth causes of action.  Krauthamer., ¶ 3, **Exhibit B**, Compl., ¶¶ 43, 52, 60, 68.  Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory).

23.     Additionally, Plaintiff seeks non-economic damages for emotional distress based on "embarrassment, anxiety, humiliation, and emotional distress." *Id.*, ¶¶ 40, 49, 57, 65, 73. These damages must also be included when calculating the amount in controversy. *Ajimatanrareje v. Metro Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, at *4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, at *5 (N.D. Cal. 1999) (same).

24.    As such, from the face of the complaint, it is well beyond "more likely than not" that Plaintiff seeks to recover more than $75,000.00 in this action.

25.    Based on the foregoing, Belden is informed and believes that this Court has jurisdiction in the matter based on diversity of citizenship.

## V.    PROCEDURAL PREREQUISITES

26.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Northern District of California is the appropriate court to which to remove this action from the Alameda Superior Court, where the action was filed.

27.    As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Northern District of California will be served on Knap's counsel of record, Law Office of Anthony J. Sperber.  A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to the Declaration of Danielle S. Krauthamer as **Exhibit E**.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Alameda.

28.    This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

29.    In filing this notice, Belden does not waive any defenses.

30.    In filing this notice, Belden does not admit any of the allegations made in Knap's State Lawsuit.

## VI.    CONCLUSION

31.    Based on the foregoing, Belden prays that the above-described action pending in the Superior Court of California, County of Alameda be removed to the United States District Court for the Northern District of California.

Dated:  January 20, 2022                    FISHER & PHILLIPS LLP


By: */s/Danielle S. Krauthamer*
Todd B. Scherwin
Danielle S. Krauthamer
Attorneys for Defendant
BELDEN INC.

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of Alameda, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Alameda, California 90071.

On January 20, 2022 I served the foregoing document entitled **DEFENDANT BELDEN INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332 (a), 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Anthony J. Sperber | Attorneys for Plaintiff |
| Kurt W. Dreger | MARTIN KNAP |
| Law Office of Anthony J. Sperber | |
| 1808 Sixth Street | Telephone: (510) 845-8844 |
| Berkeley, CA 94710 | Facsimile: (510) 845-1998 |
| | Email: anthony@sperberlaw.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Alameda, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed January 20, 2022 at San Francisco, California.

Mayra Hernandez                                By:  */s/Mayra Hernandez*
_____                         _____
Print Name                                              Signature

FP 42769473.1

## PROOF OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 20, 2022, I served the following document(s) **NOTICE TO ADVERSE PARTIES AND STATE COURT OF DEFENDANT BELDEN INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Anthony J. Sperber
Kurt W. Dreger
Law Office of Anthony J. Sperber
1808 Sixth Street
Berkeley, CA  94710

***Attorneys for Plaintiff***

Telephone:  (510) 845-8844
Facsimile:  (510) 845-1998
Email:  anthony@sperberlaw.com

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed January 20, 2022, at Los Angeles, California.

Mayra Hernandez
_____
Print Name

By: *Mayra Hernandez*
_____
Signature

FP 42769411.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 20, 2022 I served the foregoing document entitled **DECLARATION OF DANIELLE S. KRAUTHAMER IN SUPPORT OF DEFENDANT BELDEN INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332 (a), 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Anthony J. Sperber | Attorneys for Plaintiff |
| Kurt W. Dreger | MARTIN KNAP |
| Law Office of Anthony J. Sperber | |
| 1808 Sixth Street | Telephone: (510) 845-8844 |
| Berkeley, CA 94710 | Facsimile: (510) 845-1998 |
| | Email: anthony@sperberlaw.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed January 20, 2022 at Los Angeles, California.

Mayra Hernandez                         By:  */s/Mayra Hernandez*
Print Name                                              Signature

FP 42769515.1